CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 22, 2024

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB D. FALSO, | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00182 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| CAPTAIN TODD LLOYD, et al., | ) | Chief United States District Judge |
| Defendants. | ) | |

### MEMORANDUM OPINION

Jacob D. Falso, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against four individuals employed at the Middle River Regional Jail. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.    Background

Falso is currently incarcerated at the Middle River Regional Jail in Staunton, Virginia, and he alleges that the events giving rise to the action occurred there. He names as defendants Captain Todd Lloyd, Ms. N. Korinko, Colonel Eric Young, and Major Lori Nicholson. Compl., ECF No. 1, at 1–2.

Falso's complaint is based on certain meals that were previously served at the jail. He alleges that meal menus are not posted in any of the jail's housing units and that he filed a grievance after being served "suspicious meals." Id. at 2–3. "Upon receiving multiple complaints and grievances, the kitchen began serving the proper meals according to what was actually approved by the dietician." Id. at 2; see also id. (alleging that "[t]he kitchen began serving different

meals" as a result of Falso's grievance). In his request for relief, Falso asks "[t]hat it be mandated for the facility to provide menus to be posed [in] the housing units." <u>Id.</u> at 4.

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

Where, as here, a complaint was filed <u>pro se</u>, it must be construed liberally. <u>King v. Rubenstein</u>, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of <u>pro se</u> complaints are not, however, without limits." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). A <u>pro se</u> complaint "must still state a claim to relief that is plausible on its face." <u>Sakyi v. Nationstar Mortg., LLC</u>, 770 F. App'x 113, 113 (4th Cir 2019).

## III.    Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right

---

* Unless otherwise noted, the court omits internal citations, alterations, and quotation marks throughout this opinion.

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The plaintiff must also show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017); see also Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's individual actions, has violated the Constitution."). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

The court construes the complaint as attempting to assert a claim of deliberate indifference to inmate health or safety. The standard that applies to such claim depends on whether Falso was a convicted inmate or a pretrial detainee at the time of the incidents at issue. The Eighth Amendment protects convicted inmates from cruel and unusual punishment and imposes an affirmative obligation on correctional officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Like any other Eighth Amendment claim, an Eighth Amendment conditions of confinement claim has (1) objective and (2) subjective components." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019). To satisfy the objective component, an inmate must "demonstrate that the deprivation alleged [was] objectively sufficiently serious." Id. "To be sufficiently serious, the deprivation must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of harm resulting from . . . exposure to the challenged conditions." Id. And to satisfy the subjective component, a plaintiff must demonstrate that prison officials acted with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834.

3

Specifically, "the plaintiff must show that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed <u>and</u> drew that inference." <u>Heyer v. United States Bureau of Prisons</u>, 849 F.3d 202, 211 (4th Cir. 2017).

A pretrial detainee's claim of deliberate indifference is brought pursuant to the Due Process Clause of the Fourteenth Amendment. <u>See</u> <u>Stevens v. Holler</u>, 68 F.4th 921, 930–31 (4th Cir. 2023) (addressing a pretrial detainee's claim of deliberate indifference to serious medical needs). The Due Process Clause protects pretrial detainees from governmental actions that are "not rationally related to a legitimate nonpunitive purpose or that . . . appear excessive in relation to that purpose." <u>Kingsley v. Hendrickson</u>, 576 U.S. 389, 398 (2015). In <u>Kingsley</u>, the Supreme Court held that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." <u>Id.</u> at 397. The United States Court of Appeals for the Fourth Circuit recently concluded that "<u>Kingsley</u>'s objective standard extends not just to excessive force claims; it applies equally to deliberate indifference claims." <u>Short v. Harman</u>, 87 F.4th 593, 606 (4th Cir. 2023). Therefore, to state a claim for deliberate indifference, a pretrial detainee must plead (1) that he was subjected to a condition of confinement that posed a substantial risk of serious harm; (2) that "the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed"; (3) that "the defendant knew or should have known . . . that the defendant's action or inaction posed an unjustifiably high risk of harm"; and (4) "as a result, the detainee was harmed." <u>Id.</u> at 611; <u>see also</u> <u>Darnell v. Pineiro</u>, 849 F.3d 17, 35 (2d Cir. 2017) (adopting a similar test for claims of deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment); <u>Castro v. County of Los Angeles</u>, 833 F.3d 1060, 1071 (9th Cir. 2016) (same).

Falso's complaint fails to state a cognizable claim of deliberate indifference in violation of the Eighth Amendment or the Fourteenth Amendment. Although he alleges that he received "suspicious meals" that were not formally approved by a dietician, his complaint does not specifically describe the meals provided or set forth any facts from which the court could reasonably infer that the meals at issue posed a substantial risk of serious harm. Likewise, the allegations in the complaint do not provide a plausible basis to conclude that Falso suffered any harm as a result of the meals served by the kitchen staff or that any of the named defendants "consciously disregarded the risk that their action or failure to act would result in harm" or "knew or should have known . . . that [their] action or inaction posed an unjustifiably high risk of harm." Short, 87 F.4th at 611. Consequently, the complaint fail to state an Eighth or Fourteenth Amendment claim of deliberate indifference against any of the named defendants.

## IV.     Conclusion

For the foregoing reasons, the court concludes that Falso's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses. An appropriate order will be entered.

Entered: April 19, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.19 16:59:53 -04'00'

Michael F. Urbanski
Chief United States District Judge